905 F.2d 1529
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Heber L. DAVIS, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 89-2488.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 3, 1990.
Decided June 4, 1990.
As Amended June 13, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Jerry D. Hogg, United States Magistrate. (CA-88-1220).
 Roger Redmond, Redmond, McFarland & Hauge, Parkersburg, West Virginia, Barkan & Neff, L.P.A., Columbus, Ohio, Robert J. Dodd, Jr., New Lexington, Ohio, for appellant.
 Beverly Denis, III, Chief Counsel, Region III, Charlotte Hardnett, Chief, Social Security Litigation Division, Lawrence J. Harder, Assistant Regional Counsel, Office of the General Counsel, Department of Health and HUMAN SERVICES, Philadelphia, Pennsylvania, Michael W. Carey, United States Attorney, Gary L. Call, Assistant United States Attorney, Charleston, West Virginia, for appellee.
 S.D.W.Va.
 VACATED AND REMANDED.
 Before K.K. HALL and CHAPMAN, Circuit Judges, and DUPREE, Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Heber L. Davis appeals from the order of the district court affirming the Secretary of Health and Human Services' denial of his claim for disability insurance benefits and supplemental security income under the Social Security Act, 42 U.S.C. Secs. 301 et seq. Finding that the Secretary erred by not considering all material evidence, we vacate and remand for further proceedings.
 
 I.
 
 2
 Davis, an unemployed truck driver, filed his applications for benefits on April 28, 1987. The ailments contributing to his alleged disability were, inter alia, chronic obstructive pulmonary disease and degenerative disc disease in both the lumbar and cervical spine. His applications were denied both initially and upon reconsideration. Davis timely requested a hearing before an administrative law judge ("ALJ").
 
 
 3
 At the March 1, 1988, hearing, Davis offered the opinion of Dr. Rajan, his treating physician, that the combined effects of his ailments left him disabled. Also entered into the record was the report of Dr. Guberman, the Secretary's examining physician, who found no disability. Likewise, an examining psychologist found that Davis had sufficient ability to perform simple jobs without difficulty and a vocational expert testified that there existed numerous jobs in the national economy that Davis could perform. On this evidence, by decision dated March 20, 1988, the ALJ denied benefits, finding that, although suffering from a severe impairment, Davis was not disabled and could return to his past relevant work. Davis requested review by the Appeals Council.
 
 
 4
 After the ALJ had rendered his decision, but before the Appeals Council took any action, Davis was examined by one Dr. Porter, who opined that Davis' ailments brought him within the disability listings of 20 C.F.R. Part 404 App. 1 Sec. 1.05 (Disorders of the Spine). Davis submitted this report with his brief to the Appeals Council. On July 6, 1988, without mentioning Dr. Porter's report or including it in the record, the Council denied review.
 
 
 5
 Davis next sought review of the Secretary's decision in district court. By agreement of the parties, the case was decided by the magistrate. Before the magistrate, Davis argued that the ALJ's denial of benefits was not supported by substantial evidence. He also moved the magistrate to include Dr. Porter's report in the administrative record. Without ruling on the motion, the magistrate affirmed the Secretary's denial of benefits as being supported by substantial evidence. In reaching this decision, the magistrate did briefly mention Dr. Porter's opinion, but summarily dismissed it as unsupported by objective medical evidence. This appeal followed.
 
 II.
 
 6
 Before this Court, appellant again argues that the ALJ's decision is not supported by the evidence. In the alternative, he argues that his case should be remanded to the Secretary for proper consideration of Dr. Porter's report. With this later contention, we agree.
 
 The pertinent regulation expressly states:
 
 7
 (b) Evidence. (1) The Appeals Council will consider all the evidence in the administrative law judge hearing record as well as any new and material evidence submitted to it which relates to the period on or before the date of the administrative law judge hearing decision. If you submit evidence which does not relate to the period on or before the date of the administrative law judge hearing decision, the Appeals Council will return the additional evidence to you with an explanation as to why it did not accept the additional evidence and will advise you of your right to file a new application.
 
 
 8
 20 C.F.R. Sec. 404.976; see also 20 C.F.R. Sec. 416.1476. Likewise, 20 C.F.R. Secs. 404.970 and 416.1470 establish a similar requirement. Thus, the regulations mandate that the Appeals Council consider "any new and material evidence" which bears on "the period on or before the ALJ's decision." Although prepared after the ALJ's decision, Dr. Porter's report pertains to appellant's pre-decision physical condition. Consequently, it constitutes new and material evidence of appellant's disability. Further, it is clear from the Council's failure to incorporate the report into the administrative record, or mention it in denying review, that it was not given consideration.[1] This was error.
 
 
 9
 The Secretary does not seriously contend that this report should not have been considered under the regulations, but instead argues that, even considering the report, the denial of benefits was supported by the evidence. This may be so; but that is not our decision to make.[2] In fact, our holding reflects nothing about our view of the strength of appellant's evidence of disability. We merely hold that, in reviewing this claim, the Secretary failed to follow his own regulations, which mandate that the Appeals Council consider any new and material evidence. Accordingly, we vacate the magistrate's decision and remand with instructions to remand to the Secretary for further proceedings consistent with this opinion.
 
 
 10
 VACATED AND REMANDED.
 
 
 
 [1]
 Also, there is nothing in the record to indicate that the Council returned the report to appellant as not being relevant to the period in question, or advise him of his right to file a new application
 
 
 [2]
 Likewise, the magistrate's cursory consideration of the report did not render harmless the Secretary's error